**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND and STEVE M. BUKOVAC, Administrator of the Fund Disbursement Office, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| C & B STEEL CORPORATION | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND (the "Pension Fund") and STEVE M. BUKOVAC ("Bukovac"), Administrator of the Fund Disbursement Office (collectively "Plaintiffs"), by and through their attorneys, Hogan Marren, Ltd., as their Amended Complaint against Defendant, C & B STEEL CORPORATION ("C & B"), state as follows:

1. This action is brought under the provisions of Sections 502(a)(3), (g)(2), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (g)(2), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and (e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2), Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. § 185(a), and 28 U.S.C. § 1131.

3. Venue is proper in this District pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

4. The Structural Iron Workers, Local Union No. 1 Pension Trust Fund, the

Structural Iron Workers, Local Union No. 1 Welfare Fund, the Structural Iron Workers Local Union No. 1 Annuity Fund, the Mid-America Pension Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the National I.W. Apprenticeship Fund, and the Local No. 1 Scholarship Fund (collectively "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between Local Union No. 1 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers, AFL-CIO ("Iron Workers, Local 1") and the Associated Steel Erectors of Chicago, Illinois (the "Principal Agreement"). Iron Workers Local 1 is a labor organization within the meaning of 29 U.S.C. § 185(a).

5. The Funds are either employee welfare benefit plans or employer pension benefit plans within the meaning of Sections 3(1), 3(2)(A) and 3(3) of ERISA, 29 U.S.C. §§ 1002(1), (2)(A) and (3).

6. The Funds are multi-employer benefit plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37)(A).

7. The Funds are maintained in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, 29 U.S.C. § 186(c)(5), ERISA, and other applicable federal law. The Funds are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

8. The Pension Fund, also known as the Fund Disbursement Office, has standing to sue pursuant to 29 U.S.C. § 1132(d)(1).

9. The Fund Disbursement Office is the authorized collection agent under the Principal Agreement for contributions and deductions to the Funds required under the Principal Agreement.

10. Bukovac, the Administrator of the Fund Disbursement Office, is authorized under the Principal Agreement and the Trust Agreements to institute legal proceedings necessary to enforce compliance with the provisions of those agreements relating to contributions and deductions. With respect to such matters, Bukovac is a fiduciary of the Pension Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

11. The Fund Disbursement Office is located at 7700 Industrial Drive, Forest Park, Illinois. The Plaintiffs conduct business and administer the Funds within the District.

12. As provided in the Trust Agreements, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the Principal Agreement and for the uses and purposes set forth in the Trust Agreements.

13. C & B, an Illinois corporation, does business within the District and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301(a) of the LMRDA, 29 U.S.C. § 185(a). C & B maintains its principal place of business at 8737 Bridgewater Court, in Crown Point, Indiana.

14. On July 15, 2002, C &B signed a Compliance Agreement, agreeing to be bound to the Principal Agreement with Iron Workers Local 1. A copy of the Compliance Agreement is attached hereto as Exhibit A.

15. C & B employs or has employed persons represented for collective bargaining purposes by Iron Workers Local 1. Under the terms of the Principal Agreement, C & B agreed to make contributions to the Funds, accordingly.

16. C & B is required by the Principal Agreement and Trust Agreements to submit to audits by Plaintiffs to determine the accuracy of C & B's contributions to the Funds.

17. Based on a payroll audit performed by Plaintiffs' certified public accountant, C & B is delinquent to the Funds for the period of January 1, 2004 through March 31, 2009 the audited amount of $143,472.03 (One Hundred Forty-Three Thousand, Four Hundred Seventy-Two and 03/100 Dollars).

18. As a result of C & B's above-described breaches of the Principal Agreement and Trust Agreements, Plaintiffs may be required to: (a) deny the employee beneficiaries for whom contributions have not been made by C & B the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage; or (b) to provide to employees of C & B the benefits provided under the benefit plan, notwithstanding C & B's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

19. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing, and irreconcilable injury and damage unless C & B is ordered to specifically perform all of its obligations required under the Principal Agreement and the Trust Agreements, and is restrained from continuing to refuse to perform as required therein.

20. Pursuant to the Compliance Agreement, the Principal Agreement, and the Trust Agreements, C & B is obligated to pay the costs of any audit conducted by the Fund Disbursement Office and the legal fees incurred by the Administrator to initiate and prosecute the proceedings necessary to enforce compliance with these provisions.

21. C & B's failure to pay is a violation of the Compliance Agreement, the Principal Agreement and the Trust Agreements. Plaintiffs, therefore, seek enforcement of these provisions

pursuant to Sections 502(a)(3) and (b)(ii) of ERISA and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a).

**WHEREFORE**, Plaintiffs pray:

(a) That judgment be entered in favor of Plaintiffs and against C & B for delinquent contributions, interest, liquidated damages and audit fees found to be due and owing from January 1, 2004 through March 31, 2009 the audited amount of $143,472.03 (One Hundred Forty-Three Thousand, Four Hundred Seventy-Two and 03/100 Dollars).

(b) That Plaintiffs be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Principal Agreement, the Trust Agreements, and under the applicable provisions of ERISA, as amended, including 29 U.S.C. § 1132(g)(2)(D); and

(c) For such other legal or equitable relief as the Court deems appropriate.

              STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND and STEVE M. BUKOVAC, Administrator of the Fund Disbursement Office, Plaintiffs

              By:  s/ J. Michael Tecson
                 One of Their Attorneys

Patrick E. Deady
J. Michael Tecson
Nicholas M. Hudalla
HOGAN MARREN, LTD.
180 N. Wacker Drive, Suite 600
Chicago, IL  60606
312-946-1800

# EXHIBIT A

| | | |
|---|---|---|
| JAMES M. GARDINER<br>Financial Secretary-Treasurer<br>JAMES J. CROWLEY, JR.<br>Recording Secretary | ROBERT R. BOSKOVICH<br>President and Business Agent<br>MICHAEL ROTKVICH<br>Vice-President | CRAIG A. SATALIC, Business Agent<br>DAVID E. STONE, Business Agent<br>TED T. TRZASKOWSKI, Business Agent |

# BRIDGE, STRUCTURAL and REINFORCING IRON WORKERS
# LOCAL UNION #1

*of International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers*



*Affiliated with AFL-CIO*

7720 Industrial Drive
Forest Park, IL 60130
Chicago Phone (773) 921-2030
Forest Park Phone (708) 366-6695
Fax (708) 366-6691

## COMPLIANCE AGREEMENT

IT IS HEREBY STIPULATED AND AGREED by and between

Name of Contractor __C & B Steel Corp.__

Address __P.O. Box 5268__

__Lansing, IL 60438__

Telephone (__708__) __474-1020__

PLEASE INDICATE:

__✓__ Corporation

____ Partnership

____ Sole Owner

____ Other Specify

FEIN # __35-2166662__

(The "Employer") and Local Union No. 1, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO ("Union") as follows:

1. The Employer acknowledges the Union's claim and evidence that the Union represents an uncoerced majority of the Employer's employees in a unit acknowledged and stipulated as appropriate (all journeymen and apprentice iron workers), and therefore and hereby recognizes the Union as the sole and exclusive collective bargaining agent for all journeymen and apprentice iron workers now or hereafter employed in the bargaining unit with respect to and for the purpose of establishing rates of pay, wages, hours of employment, fringe benefit contributions and other terms and conditions of employment within the geographical jurisdiction in which the Union is authorized to act or does act as such representative, including Cook, DuPage, Lake and McHenry Counties, Illinois.

2. The Employer agrees to adopt, abide by and be bound by (a) all the terms and provisions of the collective bargaining agreement (hereinafter called the "Principal Agreement") entered into by and between the Union and the Associated Steel Erectors of Chicago (hereinafter called the "Association"), and (b) all matters relating to wages, hours, benefits, terms and conditions of employment set forth in the Principal Agreement with the same force and effect as though the Employer were a signatory to the Principal Agreement and as though the Principal Agreement were fully set forth herein, and the Employer also agrees to adopt, abide by and be bound by all extensions, renewals, modifications and amendments of the Principal Agreement and all agreements successor and/or subsequent to the Principal Agreement between the Association and the Union provided, additionally, that if the Principal Agreement, any extension, renewal, modification, amendment thereof, or any successor and/or subsequent agreement is or will be modified or amended by Court Decree, NLRB Order, or other legal authority, the Employer agrees to adopt, abide by and be bound by such modification or amendment.

3. The Employer agrees to pay the amounts of the contributions which it is bound to pay to the several fringe benefit funds described in the Association Agreements, including but not limited to those referred to, and agrees to and is hereby bound by and considered to be a party to the agreements and declarations of trust creating each of said trust funds, together with any restatements or amendments thereto which have been or may be adopted, as if it had been a party to and signed the original copies of the trust instruments. The Employer ratifies and confirms the appointment of each of the employer trustees who shall, together with their successor trustees designated in the manner provided in said agreements and declarations of trust and, where applicable, jointly with an equal number of trustees representing employees, carry out the terms and conditions of the trust instruments. The funds referred to include but are not limited to:

    (A)    The Agreement and Declaration of Trust dated March 1, 1951 and all present and subsequent amendments thereto of the Structural Iron Workers' Local No. 1 Welfare Fund;

    (B)    The Agreement and Declaration of Trust dated January 30, 1957 and all present and subsequent amendments thereto of the Iron Workers' Mid-America Pension Plan and the Agreement and Declaration of Trust dated August 24, 1966 and all present and subsequent amendments thereto of the Structural Iron Workers' Local No. 1 Pension Fund Trust;

    (C)    The Agreement and Declaration of Trust dated August 4, 1958 and all present and subsequent amendments thereto of the Iron Workers' Local No. 1 Apprentice Training Program Trust;

(D) The Agreement and Declaration of Trust and all present and subsequent amendments thereto of the Structural Iron Workers' Local No. 1 Annuity Trust Fund;

(E) The following Agreements and any trust declarations, as well as all amendments thereto of: the National Iron Workers' Apprentice Fund; the Associated Steel Erectors Industry Promotional Fund; the Institute of the Ironworking Industry Fund; the Chicagoland Safety Council Fund; the Local No. 1 Building Fund; the Local No. 1 Organizational Fund; the Local No. 1 Scholarship Fund; the Local No. 1 Work Assessment and the Iron Workers Political Action League.

4. This Compliance Agreement shall remain in effect and shall be governed by Principal Agreements entered into in the future and covering future time periods unless and until it has been terminated by either party giving written notice of termination to the other at least four (4) months prior to the termination date of the applicable Principal Agreement, in which event this Agreement shall terminate on the last day of the then applicable Principal Agreement. In the event no such timely notice is given, this Agreement shall remain in effect until terminated in accordance with its terms. Any such notice as hereinabove provided for in this article, whether specifying a desire to terminate or to change at the end of the current contract year, shall have the effect of terminating this agreement at such time.

Dated: July 15, 2002           Accepted: 7-15-02

CdB Steel Corp.
(Name of Company)

LOCAL UNION NO. 1, INTERNATIONAL ASSOCIATION
OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, AFL-CIO

By: Carla Bounds              By: James Jardine
President                     Financial Secretary-Treasurer
(Title of Office)             (Title of Office)
P.O. Box 5268
(Street Address)

Lansing, IL 60438
(City, State, Zip)

(708) 474-1020
(Phone Number)